ARNOLD & PORTER LLP
Michael A. Berta (Bar No. 194650)
Ryan J. Casamiquela (Bar No. 228559)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400
michael.berta@aporter.com
ryan.casamiquela@aporter.com

*Attorneys for Plaintiff*
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WOWZA MEDIA SYSTEMS, LLC, a Delaware Corporation, and COFFEE CUP PARTNERS, INC. (F/K/A WOWZA MEDIA SYSTEMS, INC.), a California Corporation,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adobe Systems Incorporated ("Adobe"), for its Complaint against Wowza Media Systems, LLC and Coffee Cup Partners, Inc. (f/k/a Wowza Media Systems, Inc.), hereby alleges as follows:

## PARTIES

1.      Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2.      On information and belief, Defendant Coffee Cup Partners, Inc. ("Coffee Cup") (f/k/a Wowza Media Systems, Inc. ("Wowza Inc.")) is a California corporation with offices and/or employees in California.  Coffee Cup's corporate mailing address is 31207 Keats Way, Suite 102, Evergreen, Colorado 80439.  Coffee Cup's California agent for service of process is Matthew Oshinsky, DLA Piper LLP, 2000 University Avenue, East Palo Alto, CA 94303-2214.

2.      On information and belief, Defendant Wowza Media Systems, LLC ("Wowza LLC") is a limited liability company organized under the laws of the state of Delaware.  On or about March 27, 2012, and in relation to a contemporaneous minority investment by Summit Partners L.P. and affiliated entities (the "Summit Transaction"), Wowza Inc. underwent a corporate restructuring pursuant to which it was renamed to Coffee Cup on April 4, 2012.  Also pursuant to this restructuring, Wowza LLC was created on February 22, 2012.  Following the Summit Transaction and contemporaneous restructuring, Wowza LLC purports to have assumed the assets and liabilities of Wowza Inc.  Accordingly, for purposes of this Complaint, the term "Wowza" shall mean (1) prior to the Summit Transaction, Wowza Inc.; and (2) subsequent to the Summit Transaction, Coffee Cup and Wowza LLC.

3.      At all relevant times, up to and including the present date, Wowza has engaged in the design, manufacture, sale within the United States, offering for sale in the United States, use within the United States, importation into the United States, and/or sale after importation into the United States of server software that streams content, including software related thereto.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5.     **Jurisdiction:**  This Court has subject matter jurisdiction over Plaintiff's claims for relief for violation of the patent laws of the United States, 35 U.S.C. § 100 et seq., under 28 U.S.C. §§ 1331 and 1338(a).

6.     Defendant Coffee Cup is subject to this Court's personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  Coffee Cup is organized and exists under the laws of the State of California, has designated an agent for service of process in this District, has regularly transacted business in this District, including by developing, marketing, offering for sale, and selling infringing products as described below, and has committed patent infringement as described below in this District.

7.     Defendant Wowza LLC is subject to this Court's personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  Wowza LLC regularly transacts business in this District, including by developing, marketing, offering for sale, and selling infringing products as described below, and has committed patent infringement as described below in this District.

8.     **Intradistrict Assignment:**  This is an Intellectual Property case assigned on a district-wide basis pursuant to Local Rule 3-2(c).

## FACTUAL BACKGROUND

A.     **Adobe's Flash Platform**

9.     Adobe is in the business of developing and distributing software for the deployment of content over the Internet using an integrated set of application programming technologies called the Adobe® Flash® Platform.  The Flash Platform is one of the most popular multimedia platforms for integrating video, animation, and interactivity into Internet content, and more recently, to build rich Internet applications.  Through the Flash Platform and other high-quality products, Adobe has developed and maintained a strong reputation for quality and security, and derives substantial benefit and goodwill from its efforts.

10.     Adobe's Flash Media Server and Flash Player products are an integral part of the Flash Platform, providing content owners – such as major music, movie, and television producers – efficient and secure means for meeting the enormous online demand for streaming their video,

audio and data. Flash Media Servers stream content to Flash Players using technologies such as Adobe's Real-Time Messaging Protocol ("RTMP") and Adobe's HTTP Dynamic Streaming ("HDS"), which Adobe designed for high-performance transmission of digital content.

11.   Because Internet content is in purely digital form, its unprotected transmission presents a heightened risk of illegal modification, copying, and distribution. Without appropriate safeguards, valuable content can be digitally altered, such as by removing advertising or by unlawfully downloading and transmitting repeatedly without degradation of the clarity and overall quality. Once copies of content are "in the clear" and in the hands of others, repeated reproduction and distribution are possible, and these unlawful processes can be replicated endlessly in ways content owners never intended or authorized. Thus, ensuring the protection of streaming content is an essential prerequisite before many content owners will make their copyrighted content available online.

12.   To address Adobe's customers' need for content protection technologies, Adobe invests heavily in developing secure solutions for content distribution. A major portion of this effort involves developing and maintaining technological measures to secure content streamed via RTMP. One of these measures included the development of RTMPe, an enhanced version of RTMP. As a part of RTMPe, Adobe included handshake features using cryptographic information for authentication and/or encryption. For example, handshake features include the use of cryptographic information (*e.g.*, a Hash Message Authentication Code (HMAC)) to support non-encrypted communications using H.264. Also, handshake features include the use of cryptographic information to support and initiate encrypted communications. An enhanced form of RTMP can use these features found in the RTMPe handshake. The RTMPe handshake is a part of the RTMPe specification. To maintain the security of RTMPe, and for the benefit of its customers, Adobe has not made the RTMPe specification publicly available. Adobe introduced RTMPe in December 2007 with the release of Flash Media Server 3.0. Adobe's RTMPe and its handshake incorporate security measures to prevent unauthorized access to, copying, and downloading content streamed over the Internet using the Flash Platform. Adobe customers rely on the security provided by RTMPe and its handshake in making their valuable content available online.

13.     Adobe invests heavily in developing updates and enhancements to RTMPe and its handshake to prevent illegal modification, copying, and distribution of its customers' valuable content.  Adobe's customers desire and rely on these updates and enhancements to RTMPe and its handshake to protect valuable copyrighted content online.

**B.     The Patents-in-Suit**

14.     Implementations of RTMP and its variants are covered by Adobe's intellectual property rights, including U.S. Patent Number 8,285,867, entitled "Real-time priority-based media communication" issued on October 9, 2012 (the "'867 Patent").  Implementations of RTMP in conjunction with RTMPe and/or features of the RTMPe handshake are covered by the '867 Patent as well as U.S. Patent Number 7,961,878, entitled "Imparting cryptographic information in network communications" issued on June 14, 2011 (the "'878 Patent"), U.S. Patent Number 8,051,287, entitled "Imparting real-time priority-based network communications in an encrypted communication session" issued on November 1, 2011 (the "'287 Patent"), and U.S. Patent Number 8,542,825, entitled "Imparting cryptographic information in network communications" issued September 24, 2013 (the "'825 Patent").

15.     Implementations of HDS are covered by Adobe's intellectual property rights, including U.S. Patent Number 8,412,841, entitled "Media content streaming using stream message fragments" issued on April 2, 2013 (the "'841 Patent") and U.S. Patent No. 8,166,191, entitled "Hint based media content streaming," issued April 24, 2012 (the "'191 Patent").

16.     Collectively, the '867, '878, '287, '825, '841, and '191 Patents are referred to herein as the "Patents-in-Suit."

**C.     Wowza's Unlawful Use, Sale, Marketing, and Induced Use of Adobe Patented Technology**

17.     At all relevant times, up through and including the present date, Wowza has developed and sold the Wowza Media Server (now called Wowza Streaming Engine), which competes directly with Adobe's Media Server.  The Wowza Media Server streams content using unauthorized versions of RTMP, an enhanced RTMP using features of the RTMPe handshake, RTMPe, and HDS.

18.     Wowza Media Server was developed by former Adobe employees David Stubenvoll and Charlie Good.  Stubenvoll and Good met while working at Adobe on network publishing products, and were let go by Adobe in 2005 as part of a reduction in force following Adobe's acquisition of Macromedia.  Wowza introduced the Wowza Media Server in February 2007, including its unauthorized version of RTMP.  In July 2008, Wowza went further by including its unauthorized version of RTMPe with the release of Wowza Media Server 1.5.0, patch 19.  Since at least November 8, 2012, the Wowza Media Server in its base form uses features of the RTMPe handshake to initiate non-encrypted sessions.[1]  Since at least 2010, Wowza Media Server has included unauthorized, unlicensed versions of Adobe's HDS technology.  Wowza continues to implement unauthorized, unlicensed versions of RTMP, RTMPe, an enhanced RTMP using features of the RTMPe handshake, and HDS in its Wowza Media Server (now called Wowza Streaming Engine) today.  Wowza's unauthorized versions infringe Adobe's intellectual property, including the Patents-in-Suit.

19.     In a related litigation (*Adobe Systems Incorporated v. Wowza Media Systems, LLC and Coffee Cup Partners, Inc.*, Case No. 11-CV-02243-JST), Adobe alleged infringement of the '878 and '287 patents based on Wowza Media Server versions 3.0 and earlier.  Wowza has continued to infringe the '878 Patent and the '287 Patent by making, using, selling, offering to sell, and/or importing newer versions of Wowza Media Server (3.1.0 and later) that include its unauthorized versions of RTMP, RTMPe, and an enhanced RTMP using features of the RTMPe handshake, and Wowza willfully infringes the '878 Patent and the '287 Patent by continuing such activities for versions 3.1.0 and greater.

20.     Wowza's actions have induced and have contributed to infringement.  On October 3, 2010, Wowza published an article entitled "How to require a secure RTMP connection (ModuleRequireSecureConnection)" in which it instructed its customers on how to use the ModuleRequireSecureConnection module, where the "ModuleRequireSecureConnection module

---

[1] Wowza's unauthorized use of Adobe's RTMP technology is also at issue in *Adobe Systems Incorporated v. Wowza Media Systems, LLC and Coffee Cup Partners, Inc.*, Case No. 11-CV-02243-JST.

configures RTMPE network encryption security. RTMPE network encryption security in Wowza Media Server 3.1.2 (and earlier) is provided as an AddOn to Wowza Media Server 3.5."   On November 8, 2012, Wowza published an article entitled "How to get Wowza RTMPE AddOn", in which it stated "RTMPE network security in Wowza Media Server® 3.1.2 (and earlier) is now provided as an AddOn to Wowza Media Server 3.5 and later and Wowza Streaming Engine™ software. Current RTMPE users who want to keep using RTMPE functionality must install this AddOn after installing the server software."   On February 11, 2014, Wowza published an article entitled "How to playback with the example Adobe Flash players (RTMP)" in which Wowza instructed its users on "how to playback video on demand (VOD) and live streams using the example Adobe RTMP players that are included with Wowza server software or downloaded from the Wowza website."

> **D.**     **Wowza Has Benefitted and Continues to Benefit From Its Unlawful and Misleading Activities**

21.     At all relevant times, Wowza's advertising materials, product descriptions, user guides, and public statements and claims have mislead consumers into believing that its products and activities, including the Wowza Media Server and the development and distribution of its unauthorized version of HDS, are legally sanctioned by Adobe.  Wowza has caused these materials to enter interstate commerce when marketing its media server.

22.     For example, in its User's Guide to the Wowza Streaming Engine, Wowza claims that its server software implements Adobe technology.  Wowza asserts that its "Wowza Streaming Engine can stream adaptive bit rate live and on-demand video to Flash Player–compatible devices (Flash Player 10.1 or later) using the Adobe HTTP Dynamic Streaming (HDS) protocol."  Wowza explains that "Adobe HDS is referred to as 'San Jose' streaming in the Streaming Engine configuration files."   On its website, Wowza advertises that its server software implements the streaming delivery protocol of "Adobe Flash HTTP Dynamic Streaming (HDS)".  Each of these are misleading statements, where a substantial segment of Wowza customers would have the tendency to believe that Adobe has sanctioned or otherwise approved Wowza's use of "Adobe HDS".  And Wowza features its unauthorized version of HDS on its website, its product literature, and its

1    promotional and marketing materials in order to increase demand for the Wowza Media Server and

2    the Wowza Streaming Engine.

3        23.    On March 4, 2011, Wowza published an article entitled "How to control access to

4    Adobe HTTP Dynamic Streaming (sanjosestreaming)" in which Wowza provided code for its

5    customers to use to employ streaming using an unauthorized version of Adobe HDS.   Wowza

6    instructs its users in how to configure the Wowza Media Server to implement unauthorized versions

7    of HDS while at the same time advertising and marketing HDS as Adobe approved or otherwise

8    sanctioned by Adobe.   On February 11, 2014, Wowza published an article entitled "How to

9    playback with the example Adobe Flash players (San Jose/Adobe HDS)" in which Wowza

10   instructed its users on "how to playback video on demand (VOD) and live streams using the

11   example Adobe HDS players that are included with Wowza server software or downloaded from

12   the Wowza website."

13       24.    Wowza has unfairly benefited financially from its unauthorized, unlicensed use of

14   Adobe HDS technology, by misleading customers into believing that its products and activities are

15   somehow legally sanctioned or approved by Adobe.   Wowza has attained substantial growth and

16   market share for Wowza Media Server over a short period of time due to its unauthorized use of

17   Adobe technology and its misleading statements and claims.   Wowza's misleading statements have

18   been material, in that its marketing of "Adobe HDS" in its media server, likely influenced

19   purchasing decisions.

20       25.    Wowza has benefited and continues to benefit from the widespread market demand

21   for HDS.   At the same time, it uses HDS without authorization to keep its own costs low and

22   undercut Adobe in the streaming server market.

23       26.    Wowza has been able to keep costs low by avoiding the substantial expenses

24   associated with researching, developing, and maintaining Flash Platform technologies such as HDS,

25   and by free-riding on the widespread demand for Adobe's proprietary technology. Adobe has

26   invested significant resources and effort in building trust and confidence in the quality provided by

27   its HDS streaming technology.

28

27.     Adobe has been injured by Wowza's actions, which divert sales away from Adobe's media server in a competitive marketplace.  Adobe has been and continues to be irreparably harmed by Wowza's activities.

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 8,051,287)

### (Against All Defendants)

28.     Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 27.

29.     Adobe is the owner of the '287 Patent entitled "Imparting real-time priority-based network communications in an encrypted communication session", which issued November 1, 2011.  A true and correct copy of the '287 Patent is attached as Exhibit A.

30.     The '287 Patent covers Wowza's implementations of an enhanced RTMP that uses features of the RTMPe handshake.  For example, implementations include the use of cryptographic information (*e.g*., a Hash Message Authentication Code (HMAC)) to support non-encrypted communications using H.264.   Implementations can also include the use of cryptographic information to initiate encrypted communications.  Implementations establish, based at least in part on cryptographic information in a pre-defined portion of a handshake network communication, a communication session to communicate a media stream.  Implementations receive through the communication session values of parameters relating to a sub media stream and store the values of the parameters.  Implementations obtain through the communication session, as part of the media stream, state information and a data payload.  Implementations identify, from the state information, a purpose of the network communication in relation to the media stream, and whether the second network communication includes one or more new values corresponding to one or more of the parameters.  Implementations update one or more of the stored values based at least in part on the one or more new values.  Implementations process the data payload based at least in part on the identified purpose and the stored values of the parameters.

31.     At all relevant times, Wowza has been and now is directly infringing the '287 Patent in the State of California, in this judicial district, and elsewhere in the United States by

manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) version 3.1.0 and greater with unauthorized versions of an enhanced RTMP that uses features of the RTMPe handshake, where such versions are covered by one or more claims of the '287 Patent. Wowza is thus liable for infringement of the '287 Patent pursuant to 35 U.S.C. § 271(a).

32.     Wowza's infringement of the '287 Patent has been and continues to be willful because Wowza has known of the '287 Patent since at least December 13, 2011, when Adobe asserted the '287 Patent against certain prior versions of the Wowza Media Server in Case No. 11-CV-02243-JST. Wowza is aware of Adobe's allegations and positions that the Wowza Media Server infringes the '287 Patent, yet continues its infringing conduct.

33.     At all relevant times, Wowza has been and now is indirectly infringing the '287 Patent in the State of California, in this judicial district, and elsewhere in the United States. Wowza's customers/licensees are liable for direct infringement of the '287 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine) version 3.1.0 and greater. Wowza's customers/licensees implement an enhanced RTMP that uses features of the RTMPe handshake, including by implementing the use of a cryptographic Hash Message Authentication Code (HMAC) to support non-encrypted communications using H.264 or by implementing the use of cryptographic information to support encrypted communications. Customer/licensee implementations also include the use of state information as described above.

34.     As explained, Wowza has had knowledge of Adobe's infringement allegations and positions that the Wowza Media Server infringes the '287 Patent, yet continues, with intent, to induce infringement of the '287 Patent by providing code modules both as built-in modules to its server and as AddOns for customers/licensees, including but not limited to ModuleRequireSecureConnection, RTMPE AddOn, RTMP code, and/or other related code for the RTMPe handshake. Further, Wowza has induced its customers/licensees to infringe the '287 Patent by providing configuration files, code modules, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers/licensees' use

of the infringing functionality.   As such, Wowza is liable for infringement of the '287 Patent pursuant to 35 U.S.C. § 271(b).

35.     Wowza has been and continues to contribute to its customers/licensees' infringement of the '287 Patent.   As explained, Wowza has had knowledge of Adobe's infringement allegations for the '287 Patent, and Wowza contributed to infringement by providing code modules both as built-in modules to its server and as AddOns for customers/licensees, including but not limited to ModuleRequireSecureConnection, RTMPE AddOn, RTMP code, and/or other related code for the RTMPe handshake.   Wowza's built-in code modules and AddOns have no substantial non-infringing uses, and Wowza code modules and AddOns are specially adapted to practice the claimed inventions in the '287 Patent.   Wowza is thus liable for infringement of the '287 Patent pursuant to 35 U.S.C. § 271(c).

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 7,961,878)

### (Against All Defendants)

36.     Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 35.

37.     Adobe is the owner of the '878 Patent entitled "Imparting cryptographic information in network communications," which issued June 14, 2011.   A true and correct copy of the '878 Patent is attached as Exhibit B.

38.     The '878 Patent covers Wowza's implementations of an enhanced RTMP that uses features of the RTMPe handshake.   For example, implementations include the use of cryptographic information (*e.g.*, a Hash Message Authentication Code (HMAC)) to support non-encrypted communications using H.264.   Implementations also include the use of cryptographic information to initiate encrypted communications.   These implementations use cryptographic information inserted into a pre-defined portion of a network communication in a client-server environment, where the pre-defined portion of the network communication is reserved for random data in accordance with a RTMP random byte section.   Implementations identify a variable location of the cryptographic information in the pre-defined portion of the network communication, and process

the cryptographic information by establishing a cryptographic key or authenticating the network communication. Implementations modify interactions in the client-server environment based at least in part on a result of the processing of the cryptographic information, by initiating an encrypted session using the cryptographic key or turning on or off a feature of a program operating in the client-server environment.

39.   At all relevant times, Wowza has been and now is directly infringing the '878 Patent in the State of California, in this judicial district, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) version 3.1.0 and greater with unauthorized versions of an enhanced RTMP that uses features of the RTMPe handshake, where such versions are covered by one or more claims of the '878 Patent. Wowza is thus liable for infringement of the '878 Patent pursuant to 35 U.S.C. § 271(a).

40.   Wowza's infringement of the '878 Patent has been and continues to be willful because Wowza has known of the '878 Patent since at least June 20, 2011, when Adobe asserted the '878 Patent against certain prior versions of the Wowza Media Server in Case No. 11-CV-02243-JST. Wowza is aware of Adobe's allegations and positions that the Wowza Media Server infringes the '878 Patent, yet continues its infringing conduct.

41.   At all relevant times, Wowza has been and now is indirectly infringing the '878 Patent in the State of California, in this judicial district, and elsewhere in the United States. Wowza's customers and licensees are liable for direct infringement of the '878 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine) version 3.1.0 and greater. Wowza's customers/licensees implement an enhanced RTMP that uses features of the RTMPe handshake, including by implementing the use of a cryptographic Hash Message Authentication Code (HMAC) to support non-encrypted communications using H.264 or by implementing the use of cryptographic information to initiate encrypted communications.

42.   As explained, Wowza has had knowledge of Adobe's infringement allegations and positions that the Wowza Media Server infringes the '878 Patent, yet continues, with intent, to induce infringement of the '878 Patent by providing code modules both as built-in modules to its

server and as AddOns for customers/licensees, including but not limited to ModuleRequireSecureConnection, RTMPE AddOn, and/or other related code for the RTMPe handshake. Further, Wowza has induced its customers/licensees to infringe the '878 Patent by providing configuration files, code modules, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers' use of the infringing functionality. As such, Wowza is liable for infringement of the '878 Patent pursuant to 35 U.S.C. § 271(b).

43.     Wowza has been and continues to contribute to its customers/licensees' infringement of the '878 Patent. As explained, Wowza has had knowledge of Adobe's infringement allegations for the '878 Patent, and Wowza contributed to infringement by providing code modules both as built-in modules to its server and as AddOns for customers/licensees, including but not limited to ModuleRequireSecureConnection, RTMPE AddOn, and/or other related code for the RTMPe handshake. Wowza's built-in code modules and AddOns have no substantial non-infringing uses, and Wowza code modules and AddOns are specially adapted to practice the claimed inventions in the '878 Patent, including features in the RTMPe handshake. Wowza is thus liable for infringement of the '878 Patent pursuant to 35 U.S.C. § 271(c).

### THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 8,285,867)

### (Against All Defendants)

44.     Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 43.

45.     Adobe is the owner of the '867 Patent entitled "Real-time priority-based media communication", which issued October 9, 2012. A true and correct copy of the '867 Patent is attached as Exhibit C.

46.     The '867 Patent covers Wowza's implementations of RTMP, including enhanced versions of RTMP (*e.g.*, enhanced RTMP that uses features of the RTMPe handshake or RTMPe). Implementations of RTMP divide one or more streams into chunks, whereby each chunk has an associated payload and an associated chunk control byte, including a chunk type identifier.

Implementations also include writing to a chunk control byte rendering information relating to a media rending state associated with a chunk and one or more subsequent chunks. Portions of the rendering information that remains unchanged will be omitted in the subsequent chunks in accordance with chunk type identifiers. Implementations will output the one or more streams.

47.    At all relevant times, Wowza has been and now is directly infringing the '867 Patent in the State of California, in this judicial district, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) with unauthorized versions of RTMP, where such versions are covered by one or more claims of the '867 Patent. Wowza is thus liable for infringement of the '867 Patent pursuant to 35 U.S.C. § 271(a).

48.    Wowza's infringement of the '867 Patent has been and continues to be willful. Wowza would have been monitoring the application that led to the '867 Patent because it is a continuation off U.S. Patent No. 7,587,509 & U.S. Patent No. 7,272,658, both of which had been asserted by Adobe against Wowza in litigation. Thus, Wowza should have had knowledge of the '867 Patent at the time the '867 Patent issued in October 9, 2012 because it issued during active litigation over the '509 and '658 patents in Case No. 11-CV-02243-JST. Because of the litigation, Wowza is aware of Adobe's allegations and positions of infringement for this patent family, including against Wowza's use of unauthorized versions of RTMP in chunking data.

49.    At all relevant times, Wowza has been and now is indirectly infringing the '867 Patent in the State of California, in this judicial district, and elsewhere in the United States. Wowza's customers/licensees are liable for direct infringement of the '867 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine). Wowza's customers/licensees implement Wowza's unauthorized versions of RTMP (including enhanced RTMP), which divide one or more streams into chunks, write to a chunk control byte, output one or more streams, among other items, as described above.

50.    As explained, Wowza has had knowledge of Adobe's infringement allegations and positions that the Wowza Media Server infringes the '867 patent family, yet continues, with intent, to induce infringement of the '867 Patent by providing RTMP-related code built into its server for

customers/licensees to employ.  Further, Wowza has induced its customers/licensees to infringe the '867 Patent by providing configuration files, code, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers/licensees' use of the infringing functionality.  As such, Wowza is liable for infringement of the '867 Patent pursuant to 35 U.S.C. § 271(b).

51.     Wowza has been and continues to contribute to its customers/licensees' infringement of the '867 Patent.  As explained, Wowza has had knowledge of Adobe's infringement allegations for the '867 patent family, and Wowza has contributed to infringement by providing RTMP-related code built into its server for customers/licensees.  Wowza's built-in RTMP-related code has no substantial non-infringing uses, and Wowza's RTMP-related code is specially adapted to practice the claimed inventions in the '867 Patent.  Wowza is thus liable for infringement of the '867 Patent pursuant to 35 U.S.C. § 271(c).

**FOURTH CLAIM FOR RELIEF**

**(Infringement of U.S. Pat. No. 8,542,825)**

**(Against All Defendants)**

52.     Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 51.

53.     Adobe is the owner of the '825 Patent entitled "Imparting cryptographic information in network communications", which issued September 24, 2013.  A true and correct copy of the '825 Patent is attached as Exhibit D.

54.     The '825 Patent covers Wowza's implementations of an enhanced RTMP that uses features of the RTMPe handshake.  For example, implementations include the use of cryptographic information (*e.g.*, a Hash Message Authentication Code (HMAC)) to support non-encrypted communications using H.264.  Implementations also include the use of cryptographic information to support encrypted communications.  Implementations identify a location in a pre-defined portion of a network communication, and insert cryptographic information into the pre-defined portion at the location.  Implementations modify interactions in the client-server environment based at least in part on a result of the processing of the cryptographic information.

55.     At all relevant times, Wowza has been and now is directly infringing the '825 Patent in the State of California, in this judicial district, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) with unauthorized versions of an enhanced RTMP that uses features of the RTMPe handshake, where such versions are covered by one or more claims of the '825 Patent.   Wowza is thus liable for infringement of the '825 Patent pursuant to 35 U.S.C. § 271(a).

56.     Wowza's infringement of the '825 Patent has been and continues to be willful. Wowza would have been monitoring the application that led to the '825 Patent because it is a continuation of U.S. Patent No. 7,961,878, which is asserted by Adobe against Wowza in litigation. Thus, Wowza should have had knowledge of the '825 Patent at the time the '825 Patent issued in September 24, 2013 because it issued during active litigation over the '878 Patent in Case No. 11-CV-02243-JST.   Because of the litigation, Wowza is aware of Adobe's allegations and positions of infringement for this patent family.

57.     At all relevant times, Wowza has been and now is indirectly infringing the '825 Patent in the State of California, in this judicial district, and elsewhere in the United States. Wowza's customers/licensees are liable for direct infringement of the '825 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine). Wowza's customers/licensees implement an enhanced RTMP that uses features of the RTMPe handshake, including by implementing the use of a cryptographic Hash Message Authentication Code (HMAC) to support non-encrypted communications using H.264 or by implementing the use of cryptographic information to support encrypted communications.

58.     As explained, Wowza has had knowledge of Adobe's infringement allegations and positions that the Wowza Media Server infringes the '825 patent family, yet continues, with intent, to induce infringement of the '825 Patent by providing code modules both as built-in modules to its server   and   as   AddOns   for   customers/licensees,   including   but   not   limited   to ModuleRequireSecureConnection, RTMPE AddOn, and/or other related code for the RTMPe handshake.   Further, Wowza has induced its customers/licensees to infringe the '825 Patent by

providing configuration files, code modules, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers' use of the infringing functionality.  As such, Wowza is liable for infringement of the '825 Patent pursuant to 35 U.S.C. § 271(b).

59.     Wowza has been and continues to contribute to its customers/licensees' infringement of the '825 Patent.  As explained, Wowza has had knowledge of Adobe's infringement allegations for the '825 patent family, and Wowza contributed to infringement by providing code modules both as built-in modules to its server and as AddOns for customers/licensees, including but not limited to ModuleRequireSecureConnection, RTMPE AddOn, and/or other related code for the RTMPe handshake.  Wowza's built-in code modules and AddOns have no substantial non-infringing uses, and Wowza code modules and AddOns are specially adapted to practice the claimed inventions in the '825 Patent, including features in the RTMPe handshake.  Wowza is thus liable for infringement of the '825 Patent pursuant to 35 U.S.C. § 271(c).

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Pat. No. 8,412,841)

### (Against All Defendants)

60.     Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 59.

61.     Adobe is the owner of the '841 Patent entitled "Media content streaming using stream message fragments," which issued April 2, 2013.  A true and correct copy of the '841 Patent is attached as Exhibit E.

62.     The '841 patent covers Wowza's implementations of Adobe's HTTP Dynamic Streaming (HDS).  For example, implementations operate by transacting access information associated with a media stream.  The access information includes fragment sequencing information to facilitate individual retrieval of fragments, wherein the fragments comprise stream messages having a message header and corresponding media data.  Implementations also include transacting one or more fragments to facilitate a delivery of media content.

63.     At all relevant times, Wowza has been and now is directly infringing the '841 Patent in the State of California, in this judicial district, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) with unauthorized versions of Adobe's HDS, where such versions are covered by one or more claims of the '841 Patent.  Wowza is thus liable for infringement of the '841 Patent pursuant to 35 U.S.C. § 271(a).

64.     Wowza's infringement of the '841 Patent is willful.  Wowza should have knowledge of the '841 Patent at least as of the date of this Complaint, and therefore, Wowza is aware of Adobe's infringement allegations for the '841 Patent, including against Wowza's unauthorized versions of HDS and its implementation of "San Jose Streaming", as described in this pleading.

65.     Wowza is indirectly infringing the '841 Patent in the State of California, in this judicial district, and elsewhere in the United States.  Wowza's customers/licensees are liable for direct infringement of the '841 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine).  Wowza's customers/licensees implement Wowza's unauthorized versions of HDS (*i.e.*, "San Jose Streaming"), which operate by transacting access information associated with a media stream and by transacting one or more fragments to facilitate a delivery of media content, among other items, as described above.

66.     At least as of the date of this Complaint, Wowza has knowledge of Adobe's infringement allegations that the Wowza Media Server infringes the '841 Patent, and continues, with intent, to induce infringement of the '841 Patent by providing HDS-related code for its server for customers/licensees to employ.  As discussed above, Wowza provides its customers/licensees with "San Jose Streaming" files to specifically deploy the accused HDS technology.  Wowza has induced its customers/licensees to infringe the '841 Patent by providing configuration files, code, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers/licensees' use of the infringing functionality.  As such, Wowza is liable for infringement of the '841 Patent pursuant to 35 U.S.C. § 271(b).

67.     Wowza contributes to its customers/licensees' infringement of the '841 Patent. Wowza has knowledge of Adobe's infringement allegations for the '841 at least as of the date of

this Complaint, and Wowza contributes to infringement by providing HDS-related code for its server for customers/licensees to employ "San Jose Streaming".  Wowza's HDS-related code for "San Jose Streaming" has no substantial non-infringing uses, and Wowza's HDS-related code is specially adapted to practice the claimed inventions in the '841 Patent.  Wowza is thus liable for infringement of the '841 Patent pursuant to 35 U.S.C. § 271(c).

**SIXTH CLAIM FOR RELIEF**

**(Infringement of U.S. Pat. No. 8,166,191)**

**(Against All Defendants)**

68.    Adobe restates and incorporates by reference the allegations set forth in paragraphs 1 through 67.

69.    Adobe is the owner of the '191 Patent entitled "Hint based media content streaming," which issued April 24, 2012.  A true and correct copy of the '191 Patent is attached as Exhibit F.

70.    The '191 patent covers Wowza's implementations of Adobe's HTTP Dynamic Streaming (HDS).  For example, implementations communicate with a remote device to stream media content.  Implementations will assess hint information associated with the media content, including accessing a document that has a hint segment, a first media metadata track, a second media metadata track, and a hint metadata track.  Implementations transmit a data stream to the remote device, where the data stream includes messages arranged in transmission order sequence.

71.    At all relevant times, Wowza has been and now is directly infringing the '191 Patent in the State of California, in this judicial district, and elsewhere in the United States by manufacturing, using, selling, offering to sell and/or importing the Wowza Media Server (now called Wowza Streaming Engine) with unauthorized versions of Adobe's HDS, where such versions are covered by one or more claims of the '191 Patent.  Wowza is thus liable for infringement of the '191 Patent pursuant to 35 U.S.C. § 271(a).

72.    Wowza's infringement of the '191 Patent is willful.  Wowza should have knowledge of the '191 Patent at least as of the date of this Complaint, and therefore, Wowza is aware of

Adobe's infringement allegations for the '191 Patent, including against Wowza's unauthorized versions of HDS and its implementation of "San Jose Streaming", as described in this pleading.

73.     Wowza is indirectly infringing the '191 Patent in the State of California, in this judicial district, and elsewhere in the United States.  Wowza's customers/licensees are liable for direct infringement of the '191 Patent pursuant to 35 U.S.C. § 271(a) for using the Wowza Media Server (now called Wowza Streaming Engine).  Wowza's customers/licensees implement Wowza's unauthorized versions of HDS (*i.e.*, "San Jose Streaming"), which operate by transacting access information associated with a media stream and by transacting one or more fragments to facilitate a delivery of media content, among other items, as described above.

74.     At least as of the date of this Complaint, Wowza has knowledge of Adobe's infringement allegations that the Wowza Media Server infringes the '191 Patent, and continues, with intent, to induce infringement of the '191 Patent by providing HDS-related code for its server for customers/licensees to employ.  As discussed above, Wowza provides its customers/licensees with "San Jose Streaming" files to specifically deploy the accused HDS technology.  Wowza has induced its customers/licensees to infringe the '191 Patent by providing configuration files, code, and other support, including user guides, forum discussions, tutorials, among others items to enable and get operational its customers/licensees' use of the infringing functionality.  As such, Wowza is liable for infringement of the '191 Patent pursuant to 35 U.S.C. § 271(b).

75.     Wowza contributes to its customers/licensees' infringement of the '191 Patent.  Wowza has knowledge of Adobe's infringement allegations for the '191 Patent at least as of the date of this Complaint, and Wowza contributes to infringement by providing HDS-related code for its server for customers/licensees to employ "San Jose Streaming".  Wowza's HDS-related code for "San Jose Streaming" has no substantial non-infringing uses, and Wowza's HDS-related code is specially adapted to practice the claimed inventions in the '191 Patent.  Wowza is thus liable for infringement of the '191 Patent pursuant to 35 U.S.C. § 271(c).

**PRAYER FOR RELIEF**

WHEREFORE, Adobe requests that this Court enter:

1.      A judgment in favor of Adobe that Defendants have infringed directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the Patents-in-Suit.

2.      A judgment and order awarding Adobe damages adequate to compensate for Defendants' infringement of the Patents-in-Suit.

3.      A judgment awarding costs, expenses, and pre-judgment and post judgment interest for Defendants' infringement of the Patents-in-Suit.

4.      A judgment and order finding Defendants' infringement of the Patents-in-Suit to be willful and deliberate, and a trebling of damages pursuant to 35 U.S.C. § 284.

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a), and awarding to Adobe its reasonable attorneys' fees and costs.

6.      A preliminary and permanent injunction, enjoining Defendants, their officers, directors, agents, servants, attorneys, affiliates, employees, divisions, branches, subsidiaries, parents, assigns, and successors in interest of Defendants, and all others acting in concert, participation or privity with any of them (the "Wowza Entities"); and Defendants' customers and licensees, and all others acting in concert, participation or privity with any of them, from continued acts of infringement of the Patents-in-Suit.

7.      An award of damages based on future infringing activities in the event an injunction is not granted.

8.      Any and all other relief to which the Court may deem Adobe entitled.

1

## JURY DEMAND

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil

3   Local Rule 3-6, Adobe hereby demands a trial by jury on all issues so triable in this matter.

4

5   Dated: June 16, 2014                                    Respectfully submitted,

6                                                           ARNOLD & PORTER LLP
                                                            Michael A. Berta
7                                                           Ryan J. Casamiquela

8

9                                                    By  */s/ Michael A. Berta*
                                                         Michael A. Berta
10                                                       *Attorney for Plaintiff Adobe Systems Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT